```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                            AT KNOXVILLE
```

| | | |
|---|---|---|
| RONALD L. POYNTER and | ) | |
| LINDA POYNTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-226 |
| | ) | (VARLAN/GUYTON) |
| GENERAL MOTORS CORP. and | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss [Doc. 9]. Plaintiffs have responded in opposition to defendant's motion [Doc. 14] and defendant State Farm has filed a reply [Doc. 17]. Thus, the motion is now ripe for determination.

The Court has carefully reviewed the pending motion and responsive pleadings in light of the applicable law. For the reasons set forth herein, defendant's motion will be granted in part and denied in part.

**I.    Relevant Facts**

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will construe the complaint [Doc. 1, Ex. A] in the light most favorable to plaintiffs,

accept all well-pleaded factual allegations as true, and determine whether plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

On September 6, 2002, the cabin of the 1994 Oldsmobile 88 Royale LS owned by plaintiffs Ronald and Linda Poynter burst into flames while Mr. Poynter was sitting in the car, resulting in injury to Mr. Poynter, total loss of the car, and damage to plaintiffs' home, outside of which the car was parked when the fire occurred. [Doc. 1, Ex. A at ¶ 6.] At the time of the accident, plaintiffs had homeowners and auto insurance with defendant State Farm. [*Id.* at ¶ 12.] Accordingly, representatives of State Farm went to plaintiffs' home shortly after the fire to investigate the incident. While there, the investigators took parts of the burned car with them, specifically the instrument cluster and shorted wiring from the dashboard of the car. [*Id.* at ¶ 13.] Plaintiffs allege that the investigators told plaintiffs they would "preserve this evidence for the benefit of [plaintiffs'] claim against GM," the manufacturer of the car against whom they anticipated filing a products liability lawsuit. [*Id.*] However, in June or July of 2003, plaintiffs were notified that the investigators had been ordered by State Farm to dispose of the components. [*Id.* at ¶ 14.] Plaintiffs state this was done without their knowledge or consent. [*Id.*]

Plaintiffs filed suit in the Circuit Court for Knox County, Tennessee in May 2006, against General Motors Corporation ("GM") and State Farm. Plaintiffs argue that GM should be held strictly liable for the personal injuries and property damage resulting from the fire because the fire in the 1994 Oldsmobile was caused by a defective or unreasonably

dangerous condition of the car present when the car left GM's control. [*Id.* at ¶¶ 8-9.] Plaintiffs further argue that such acts on the part of GM constitute negligence and breach of the implied warranties of merchantability and fitness. [*Id.* at ¶¶ 10-11.] As to State Farm, plaintiffs allege that its disposal of the components of plaintiffs' car constitutes spoliation of evidence and negligence and that State Farm should be held liable for "the amount by which their chose [sic] in action against the defendant GM has been reduced in value as a result of State Farm's negligence." [*Id.* at ¶ 15.] Plaintiffs also seek damages for State Farm's breach of the alleged agreement it made to safeguard the car components and for conversion. [*Id.* at ¶¶ 17-18.] Plaintiffs seek compensatory and punitive damages.

Defendant State Farm removed the lawsuit to this Court on June 16, 2006 pursuant to 28 U.S.C. § 1332.

**II.  Analysis**

  A.  Standard of Review

State Farm has moved to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a

complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.,* 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Chapman v. City of Detroit*, 80 F.2d 459, 465 (6th Cir. 1986). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

  B.  Spoliation of Evidence

  State Farm argues that plaintiffs' claims against it should be dismissed because each of the claims relate to the spoliation of evidence, and Tennessee does not recognize a cause of action based upon spoliation. [Doc. 10 at 2.] Plaintiffs respond by pointing out that there are in fact two causes of action within the broader category of spoliation of evidence: first party spoliation of evidence and third party spoliation of evidence. Plaintiffs admits that Tennessee does not recognize the tort of first party spoliation of evidence, but does recognize the tort of third party spoliation of evidence and argues that because that cause of action is applicable to State Farm, plaintiffs' spoliation of evidence claim should not be dismissed. [Doc. 14 at 11-12.]

4

Both parties are correct that Tennessee does not recognize a cause of action for first party spoliation of evidence. Plaintiffs' response implicitly argues that the doctrine of third party spoliation of evidence is applicable to defendant State Farm by contending that "the third-party spoliator is not Defendant GM, GM's insurance company or any entity related directly or indirectly to GM." [*Id.* at 11.] As the name suggests, third party spoliation of evidence occurs "when a third party destroys evidence that could have been used by a plaintiff against a different defendant in a separate suit." *Benson v. Penske Truck Leasing Corp.*, 2006 WL 840419 at *3 (W.D. Tenn. Mar. 30, 2006). Plaintiffs' response does not explain how State Farm, as a party to this lawsuit, is nevertheless also a third party to this action such that the doctrine of third party spoliation of evidence could be applicable to it. State Farm also does not address this in its reply, but instead simply argues that "third party spoliation is still not recognized as a tort in Tennessee." [Doc. 17 at 2.]

After reviewing the many cases plaintiffs' response cites explaining the doctrines of first and third party spoliation of evidence [Doc. 14 at 5-11], the Court finds that the doctrine of first party spoliation of evidence is applicable to State Farm in this case. "First party spoliation of evidence occurs when a defendant in a lawsuit destroys evidence of value to the plaintiff." *Benson*, 2006 WL 840419 at *3. Given that State Farm is a defendant in this lawsuit, first party spoliation of evidence would be the only possible application of the doctrine of spoliation of evidence to this case. As the U.S. District Court for the Western District of Tennessee recently confirmed through its holding in *Benson*, Tennessee courts do not recognize an independent cause of action for first party spoliation of evidence because,

5

in cases such as this one, "sanctions for the spoliation generally can remedy any harm a plaintiff suffers by a defendant's actions." *Benson*, 2006 WL 840419 at *5 (citing *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E. 2d 349, 355 (Ind. 2005)). Accordingly, because the doctrine of first party spoliation of evidence is applicable in this instance, the Court will grant State Farm's motion to dismiss as to plaintiffs' claim of spoliation of evidence. However, as the court did in *Benson*, this Court will impose upon State Farm the sanction of instructing the jury that it may infer that the evidence at issue was unfavorable to State Farm if it finds that defendant State Farm's decision to dispose of the components from plaintiffs' car was made for an improper purpose. *Benson*, 2006 WL 840419 at *2.

    C.    <u>Negligence</u>

Along with the claim of spoliation of evidence, plaintiffs assert three additional claims against State Farm arising out of its disposal of the components from plaintiffs' car: (1) negligence; (2) breach of contract; and (3) conversion. [Doc. 1, Ex. A at ¶¶ 15, 17, 18.] State Farm argues that those claims should be dismissed because they are unripe for adjudication. [Doc. 10 at 5.] Aside from contending that plaintiffs' remaining claims are "speculative and not properly brought," [Doc. 10 at 6], State Farm gives no particularized grounds in its motion to dismiss as to why plaintiffs' remaining claims should be dismissed. However, in its reply brief, State Farm argues that plaintiffs cannot state a claim of negligence against it before plaintiffs' product liability claims against GM are ruled upon. [Doc. 17 at 3.] Specifically, State Farm argues that there can be no injury to plaintiffs unless and until

6

plaintiffs' case against GM is resolved unfavorably against plaintiffs because of the missing car components. [*Id.*]

To state a claim for negligence under Tennessee law, a plaintiff must prove that he or she has suffered an injury or loss. *Bradshaw v. Daniel*, 854 S.W. 2d 865, 869 (Tenn. 1993). Here, plaintiffs allege that State Farm's spoliation of evidence has injured their products liability cause of action against GM because their "claim against the defendant GM would be seriously impaired from the loss of evidence." [Doc. 1, Ex. A at ¶ 15]. However, this injury claimed by plaintiffs is purely conjectural. At this point, it cannot be determined with certainty whether State Farm's loss of the car component will negatively impact the claims plaintiffs are asserting against GM. In this way, plaintiffs' negligence claim against State Farm must be dismissed because plaintiffs have alleged no facts sufficient to establish any definite injury caused by State Farm and therefore, at present time, have failed to make out a prima facie case of negligence. *See Trumbo, Inc. v. Witco Corp.*, 2003 WL 21946734 at \*\*6 (Tenn. Ct. App. 2003) (affirming the trial court's grant of summary judgment for defendant on plaintiff's negligence claim on the grounds that defendant's spoliation of evidence alone was insufficient to establish that defendant caused plaintiff's claimed injury, which was the unfavorable resolution of another lawsuit filed against plaintiff in which the lost evidence would have allegedly helped plaintiff's case). Accordingly, the Court will grant State Farm's motion to dismiss as to plaintiffs' negligence claim, but will do so without prejudice.

D. Plaintiffs' Remaining Claims

Aside from arguing that all of plaintiffs' claims against it are unripe, none of State Farm's memoranda present specific grounds for the dismissal of plaintiffs' claims for breach of contract and conversion. In as much as State Farm has presented no arguments as to why those claims should be dismissed, the Court will deny State Farm's motion to dismiss as these claims.

**III. Conclusion**

For the reasons set forth herein, State Farm's motion to dismiss [Doc. 9] will be **GRANTED** as to plaintiffs' spoliation of evidence claim and that claim will be dismissed with prejudice; **GRANTED** as to plaintiffs' negligence claim and that claim will be dismissed without prejudice; and **DENIED** as to plaintiffs' breach of contract and conversion claims.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE