UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RONALD L. POYNTER and | ) | | |
| LINDA POYNTER, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-226 |
| | ) | | (VARLAN/GUYTON) |
| GENERAL MOTORS CORP. and | ) | | |
| STATE FARM FIRE AND CASUALTY | ) | | |
| COMPANY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM & ORDER**

This civil action is before the Court on defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Judgment on the Pleadings [Doc. 22]. Plaintiffs have responded in opposition to defendant's motion [Doc. 25] and defendant State Farm has filed a reply [Doc. 28]. Thus, the motion is now ripe for determination.

The Court has carefully considered the pending motion, pleadings, and the arguments made during the motion hearing on October 29, 2007 in light of the applicable law. For the reasons set forth herein, defendant's motion will be granted in part and denied in part.

**I.    Background**

On September 6, 2002, the 1994 Oldsmobile 88 Royale LS owned by plaintiffs Ronald and Linda Poynter burst into flames while Mr. Poynter was sitting in the car in his driveway. [Doc. 1-2 at ¶ 6.] The fire resulted in injury to Mr. Poynter, total loss of the car,

and damage to plaintiffs' home. [*Id.*] Plaintiffs' car was designed, manufactured, assembled, and placed in the stream of commerce by defendant General Motors Corporation ("GM"). At the time of the accident, plaintiffs had homeowners and auto insurance with defendant State Farm. [*Id.* at ¶ 12.]

Shortly after the fire, State Farm sent representatives to plaintiffs' home to investigate the incident. [*Id.* at ¶ 13.] The investigators removed and took with them parts of the burned car, specifically the instrument cluster and shorted wiring from the dashboard of the car. [*Id.*] Plaintiffs state that State Farm's investigators concluded that the fire was caused by a defective condition of these parts. [*Id.*] Plaintiffs allege that the investigators told plaintiffs they would "preserve this evidence for the benefit of [plaintiffs'] claim against GM," the manufacturer of the car against whom plaintiffs anticipated filing a products liability lawsuit. [*Id.*] However, in June or July of 2003, after inquiring about the parts, plaintiffs were notified that the investigators had been ordered by State Farm to dispose of the components.[1] [*Id.* at ¶ 14.] Plaintiffs state this action was done without their knowledge or consent. [*Id.*]

Plaintiffs filed suit against GM and State Farm in the Circuit Court for Knox County, Tennessee in May 2006. Plaintiffs argue that GM should be held strictly liable for the personal injuries and property damage resulting from the fire and liable for negligence and breach of implied warranties of merchantability and fitness. [*Id.* at ¶¶ 8-11.] As to State

---

[1]While not part of the pleadings and therefore not considered by the Court in determining the outcome of this motion, counsel for State Farm indicated at the motion hearing on October 29, 2007 that after State Farm investigated plaintiffs' insurance claim and paid plaintiffs for personal injuries and property damage, State Farm decided not to seek subrogation from GM and therefore disposed of the car components.

Farm, plaintiffs allege that its disposal of the components of plaintiffs' car constitutes spoliation of evidence, negligence, breach of contract, and conversion and that State Farm should be held liable for "the amount by which [plaintiffs'] action against the defendant GM has been reduced in value as a result of State Farm's negligence." [*Id.* at ¶¶ 15, 17-18.]

Defendant State Farm removed the lawsuit to this Court on June 16, 2006 pursuant to 28 U.S.C. § 1332. On July 7, 2006, Defendant State Farm filed a motion to dismiss [Doc. 9] on the grounds that each of plaintiffs' claims against State Farm are grounded in the tort of spoliation of evidence, a tort that is not recognized in Tennessee. The Court granted State Farm's motion to dismiss as to plaintiffs' spoliation of evidence and negligence claims and denied the motion as to plaintiffs' breach of contract and conversion claims in a Memorandum Opinion and Order [Docs. 18 & 19] dated February 21, 2007.

Defendant State Farm now moves for judgment on the pleadings as a matter of law as to plaintiffs' breach of contract and conversion claims. Specifically, State Farm contends that these remaining claims should be dismissed or at least limited to recovery of only the actual value of the components removed from plaintiffs' vehicle by State Farm's investigators. [Doc. 22 at 1.] Plaintiffs oppose State Farm's motion, contending among other things that a damages recovery is not speculative as State Farm asserts. [Doc. 25 at 7.]

## II. Standard of Review

In determining whether to grant a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993); *see also* Fed. R. Civ. P. 12(c). The Court need not accept, however, the legal conclusions or unwarranted factual inferences of the non-moving party's pleadings. *See Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003).

Where a federal court exercises diversity jurisdiction, it is axiomatic that it must apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Therefore, this Court must apply the substantive laws of Tennessee in resolving the merits of this case.

## III. Analysis

Plaintiffs' only remaining claims against defendant State Farm are for breach of contract and conversion. The Court has already dismissed plaintiffs' claims of spoliation of evidence and negligence, including negligent misrepresentation, and despite discussion of these issues in State Farm's motion, the Court need not readdress them now.

### A. Breach of Contract Claim

State Farm argues that plaintiffs' breach of contract claim should be dismissed in its entirety because plaintiffs cannot establish essential elements of this claim. Defendant notes that "an enforceable contract must result from a meeting of the minds in mutual assent to

4

terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced." *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002). State Farm argues that plaintiffs' claim fails because plaintiffs did not allege that an agreement was reached and to the extent that there was an agreement, there was no consideration. Additionally, State Farm argues that to the extent that there was a contract, its terms were not sufficiently defined to render it enforceable.

Plaintiffs offer paragraph 17 of their complaint to refute State Farm's contention that plaintiffs have not alleged an agreement. That paragraph states: "State Farm had agreed to protect the vehicle and the parts removed and breached their agreement, and are liable to Plaintiffs for all damages resulting therefrom." [Doc. 1-2 at ¶ 17.] Plaintiffs note that the Court already recognized that there was an agreement by State Farm and its investigators that they would preserve the car components. [Doc. 18 at 2.] Plaintiffs also assert that it is obvious from the complaint that there was consideration in that plaintiffs agreed to allow State Farm to take the components for inspection in exchange for State Farm's promise to preserve and return them.

Accepting as true all allegations of the non-moving party as the Court is required to do in considering a motion for judgment on the pleadings, the Court concludes that plaintiffs have alleged sufficient facts to make out a prima facie case for breach of contract. Plaintiffs alleged that there was an agreement of sufficiently defined terms complete with

consideration. Therefore, plaintiffs' breach of contract claim will not be dismissed in its entirety.

### B. Damages for Breach of Contract

Defendant State Farm argues that even if plaintiffs successfully prove a breach of contract, they cannot recover beyond the cost of the actual value of the lost car components themselves because any further damages are highly speculative in nature. Damages for a breach of contract are meant to put the party in the same position it would have been in had the contract been performed. *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 228 (Tenn. Ct. App. 2006) (citations omitted). In determining whether a plaintiff can recover breach of contract damages, Tennessee courts have distinguished the situation where the *existence* of damages is speculative from the situation where the *amount* of damages is speculative and allowed recovery only in the latter situation. *See e.g.*, *Hannan v. Alltel Publ'g Co.*, 2007 WL 208430, at *6 (Tenn. Ct. App. Jan. 26, 2007). "[A] party who [fails] to fulfill a contract cannot be held liable for remote, contingent and uncertain consequences, or for speculative or possible results which may have ensued from his breach." *Maple Manor Hotel, Inc. v. Metro. Gov't of Nashville & Davidson County*, 543 S.W.2d 593, 598 (Tenn. Ct. App. 1976) (citing *Baker v. Riverside Church of God*, 453 S.W.2d 801 (Tenn. Ct. App. 1970). However, wronged parties may recover when it can be determined that damages occurred even though the exact amount of those damages cannot be calculated. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 27-28 (Tenn. Ct. App. 2005).

Plaintiffs' claim against State Farm for damages based on impairment of their claim against GM is a situation where the existence of damages is speculative.

While this claim is not a spoliation claim, it is similar in that it is a claim for damages based on the alleged harm caused to plaintiffs' case as a result of the destruction of evidence. In spoliation cases, courts have determined that it is nearly impossible to determine whether the missing evidence would have impacted the plaintiff's case. *See e.g.*, *Temple Cmty. Hosp. v. Superior Court*, 076 P.2d 223, 228 (Cal. 1999) (quoting *Cedars-Sinai Med. Ctr. v. Superior Court*, 954 P.2d 511, 518 (Cal. 1998)) ("[T]here will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor."). In order to find that the loss of the car components impacted plaintiffs' claim, the Court would have to determine that plaintiffs would have recovered but for State Farm's loss of the component. This Court has already found that "it cannot be determined with certainty whether State Farm's loss of the car component will negatively impact the claims plaintiffs are asserting against GM." [Doc. 18 at 7.]

Despite the Court's previous determination, Plaintiffs argue that the harm to their case against GM is definite because they cannot make out a prima facie case without the missing evidence. Plaintiffs' prima facie case against GM requires that they prove that the car was in a dangerous or unreasonably defective condition at the time it left the control of GM. Plaintiffs base their argument of not being able to make out a prima facie case, at least in part, on GM's statement in its answer that "without the parts removed and destroyed, plaintiffs have no competent evidence to support their alleged claims against this defendant."

7

[Doc. 6 at ¶ 13.] However, it is not definite that with the missing evidence plaintiffs would be able to win their case against GM nor is it definite, despite GM's assertion, that plaintiffs will lose against GM without the evidence. Plaintiffs have referred to a report drafted by State Farm's investigators which concludes that the fire "was caused by a defective condition in the vehicle being the shorting of the main feeder circuits in, and near, the areas of the ignition." [Doc. 25 at 6-7.] One way plaintiffs may be able to make out a prima facie case against GM is by calling these investigators as expert witnesses. Because the Court cannot determine the impact of the missing evidence, the existence of damages is speculative and therefore plaintiff may not recover such damages. As a result, plaintiffs' recovery from State Farm for breach of contract, if proven, will be limited to the damages that are not speculative in existence–the value of the lost car components.[2]

### C. Damages for Conversion

Plaintiffs also argue that they should be able to recover from State Farm for the impairment of their claim against GM based on a theory of conversion. Again, State Farm argues that damages should be limited to the value of the lost component parts. "[D]amages in an action for conversion are measured by the sum necessary to compensate [the plaintiff] for all actual losses or injuries sustained as a natural and proximate result of defendant's wrong." *Lance Prods. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn. Ct. App.

---

[2]At the motion hearing, counsel for plaintiffs argued that such an outcome would be unjust in that it would condone collusion between a manufacturer and an insurer to the detriment of an insured allegedly injured by a defective product. However, plaintiffs make no such claim in their pleadings.

1988). *Lance Productions* further explains that in an action for conversion, "consequential damages must be proved with reasonable certainty" and "there can be no recovery for losses or injuries which are too remote or uncertain." 764 S.W.2d at 213. Just as the existence of damages for the impairment of plaintiffs' claim against GM is too speculative to allow plaintiffs to recover under a theory of breach of contract, the injury is too uncertain to allow damages under the theory of conversion. Additionally, "[d]amages in a conversion action are generally determined by the fair, reasonable market value of the property at the time and place of conversion." *Franklin Capital Assocs., L.P. v. Almost Family, Inc.*, 194 S.W.3d 392, 406 (Tenn. Ct. App. 2005). Thus, plaintiffs may recover the value of the lost components but not speculative damages based upon impairment of plaintiffs' claim.

IV. **Conclusion**

For the reasons set forth herein, defendant State Farm's motion for judgment on the pleadings [Doc. 22] is **DENIED in part** as to complete dismissal of plaintiffs' breach of contract claim and **GRANTED in part** as to damages being limited to the value of the lost car components for plaintiffs' breach of contract and conversion claims.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE